UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| JAMES D. WERON, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | No.     1:08-cv-201 |
| | ) | *Edgar/Lee* |
| OFFICER BILL CHERRY, JR.; | ) | |
| OFFICER CRAIG FROST, OFFICER MIKE | ) | |
| HALL, OFFICER SAMMY MCNELLEY, | ) | |
| OFFICER JOHN CLINES, OFFICER MATT | ) | |
| BALES, SHERIFF TIME GOBBLE, | ) | |
| BRADLEY COUNTY, BRADLEY COUNTY | ) | |
| SHERIFF'S DEPARTMENT, CITY OF | ) | |
| CLEVELAND, All Defendants are Sued in | ) | |
| Their Individual and Official Capacities; | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM

James Douglas Weron ("Weron"), a *pro se* prisoner, has filed a civil rights complaint

pursuant to 42 U.S.C. §§ 1981, 1983, 1988[1] (Court File No. 4).  Weron brings suit against Bradley

County Officers Bill Cherry Jr., ("Officer Cherry"), Craig Frost ("Officer Frost"), Mike Hall

("Officer Hall"), Sammy McNelley ("Officer McNelley"), John Clines ("Officer Clines"), and Matt

Bales ("Officer Bales"); Sheriff Tim Gobble ("Sheriff Gobble"); Bradley County; Bradley County

Sheriff's Department ("Department"); and the City of Cleveland ("City").

Weron claims Officers Cherry, Frost, Hall, McNelley, Clines, and Bales unlawfully arrested

and incarcerated him; used excessive force; maliciously prosecuted him; conspired with the federal

government to cover-up their unlawful acts; and deliberately denied him adequate medical treatment.

---

[1]        42 U.S.C. § 1988 permits the payment of attorney fees to the prevailing party in §§ 1981 and 1983 cases.  The Court is dismissing the case and Weron does not have counsel, thus, this statute is inapplicable.

1

Weron contends these actions "were taken pursuant to a de facto policy of Bradley County, Bradley County Sheriff's department, and City of Cleveland . . . [permitting] officers . . . to summarily punish person[s] who refuse to obey police orders, . . . by means of lawful [sic] arrest, detention, excessive use of force, and the denial of necessary medical attention." (Court File No. 4, p. 8). Plaintiff seeks compensatory damages in the total amount of $20,000,000.00 and punitive damages in the total amount of $20,000,000.00.

For the reasons explained herein, no service shall issue and the complaint will be **DISMISSED** in its entirety(Court File No. 4). The claims for false arrest, illegal incarceration, excessive force, and denial of medical care will be dismissed as frivolous because those claims are time-barred.[2] Additionally, Weron's factually unsupported claim for conspiracy will be dismissed

---

[2]    Assuming for the sake of discussion that the complaint was not time-barred, and even accepting as true all of plaintiff's allegations, the complaint would be dismissed as to Bradley County and the City for failure to state a claim against these entities. Additionally, the claims against Defendants in their official capacity would also be dismissed for failure to state a claim since such a claim is, in effect, a claim against the entity which employs them. A municipality or governmental entity is liable under 42 U.S.C. § 1983 for constitutional violations which result from acts representing a policy or custom of the governmental entity. *Owen v. City of Independence, Mo.*, 445 U.S. 622, 638 (1980); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990). In order to establish municipal liability for a constitutional deprivation, a plaintiff must satisfy a three-prong test: 1) he must identify the questioned policy or custom which allegedly caused the injury, 2) connect the policy to the municipality, and 3) show the specific injury was incurred because of the implementation of the policy. *Garner v. Memphis Police Department*, 8 F.3d 358, 363-64 (6th Cir. 1993).

Here, Plaintiff's contentions do not meet the constitutional standard. Since Plaintiff must show his injury was incurred because of an official policy or a custom which is so firmly entrenched as to have the force of law, s*ee Monell v Department of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978), and since his bare contentions concerning a "de facto policy . . . to summarily punish persons who refuse to obey police orders" lack any allegations of fact, he has not stated any viable claims against Bradley County, the City of Cleveland, or Defendants in their official capacities.

In addition, the Bradley County Sheriff's Department would also be dismissed because it is not a suable entity within the meaning of 42 U.S.C. § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983).

2

for failure to state a claim upon which relief may be granted. The malicious prosecution claim, which is presently barred by *Heck v. Humphrey,* 512 U.S. 477 (1994)(To pursue a malicious prosecution, it must be proven that the criminal proceeding terminated in the favor of the accused), will be dismissed without prejudice for failure to state a claim upon which relief can be granted (Court File No. 4).[3]

## I. *Application to Proceed In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Weron that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Weron is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Weron is an inmate at Federal Correctional Institution, PMB 1000, Talladega, AL 35160, he will be **ASSESSED** and **SHALL** pay the full civil filing fee of three-hundred and fifty dollars ($350.00) pursuant to the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Weron's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

(a) twenty percent (20%) of the average monthly deposits to Weron's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in Weron's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Weron's preceding monthly income (or income credited to his trust account for the preceding month), but only when such

---

[3]     The criminal proceedings did not terminate in favor of Weron.

3

monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Warden and Custodian of Inmate Trust Fund Accounts at the Federal Correctional Institution in Talladega, Alabama and the Commissioner of the Bureau of Prisons to ensure the custodian of Weron's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Weron shall collect the filing fee as funds become available. This order shall become a part of inmate Weron's file and follow the inmate if he is transferred to another institution. The agency having custody of Weron shall continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

## II.     *Standard of Review*

### A.     **Pro Se Pleadings**

All well-pleaded factual allegations contained in the complaint must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007). Mere "labels and conclusion" will not do. *Id.* 127 S.Ct. at 1965. Moreover, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, ___ U.S. ___, 127 S.Ct. 2197, 2200 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

However, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain

"a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to FED. R. CIV. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties,* 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools,* 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

**B.      Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)**

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Title 28 U.S.C. §§ 1915(e)(2), 1915A, and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous or fail to state a claim upon which relief can be granted. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). Claims that are barred by the applicable statute of limitations are frivolous. *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (Claims barred by the statute of limitations are frivolous); 28 U.S.C. §§ 1915A and 1915(e).

*III.     Facts*

For purposes of this review the Court accepts all factual allegations in the complaint as true. On August 28, 2004, Weron arrived unarmed at Melinda Wooden's residence, in Bradley County, Tennessee at approximately 3:30 a.m. Weron arrived as a passenger in the back seat of a vehicle driven by Tara L. O'Daniel. When Weron stepped out of the car and walked onto the front porch,

5

the defendants ran at him with flashlights and weapons drawn, yelling at him to get on the ground. When Weron attempted to run he was apprehended and hit in the back of the head several times with firearms, maced in the face, and knocked to the ground (Court File No. 4, p. 7).

The defendants punched, kicked, and hit Weron in the head with flashlights and firearms. Weron suffered severe pain, bleeding lacerations which required stitches, and was knocked unconscious as a result of the officers' actions. Officers Cherry, Frost, Hall, McNelley, Clines, and Bales arrested Weron without a warrant. Melinda Wooden had recently been arrested, and the police relied upon information provided by her to arrest Weron without a warrant.

Although Weron initially received medical treatment at Bradley Memorial Hospital, he was denied medical care while in the Bradley County Jail. Weron's stitches were not removed as prescribed, so he removed his own stitches.

The allegations in the complaint are clarified and more easily understood against the backdrop of Weron's federal criminal case which was the result of the instant August 28, 2004 arrest. To this end, the Court takes judicial notice of the criminal prosecution of Weron in *United States v. Weron*, Criminal Case No. 1:04-cr-131. Weron was indicted by a federal grand jury on or about September 14, 2004; an arrest warrant was issued on the same day; and he was arrested on October 18, 2004. Weron pleaded guilty and was sentenced to the custody of the United States Bureau of Prisons, by this Court, to a term of one-hundred and twenty months, for the offense of conspiracy to distribute in excess of five grams of Methamphetamine (Actual) in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(B) and is presently serving his federal sentence.

**IV.** *Analysis - 42 U.S.C. §§ 1981 & 1983 Claim*

Title 42 U.S.C. § 1981 governs the right to equal protection "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the

6

security of persons and property." 42 U.S.C. § 1981(a).[4]  To state a viable claim under 42 U.S.C.

§ 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the

Constitution or laws of the United States by a person acting under color of law, without due process

of law.  *Flagg Brothers Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Chatman v. Slagle,* 107 F.3d 380,

384 (6th Cir. 1997); *Brock v. McWherter,* 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand*

*Rapids,* 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991)

*cert. denied,* 502 U.S. 1032 (1992).  Assuming without deciding that plaintiff states viable §§ 1981

and 1983 claims against defendants, as explained below, the claims are barred by the applicable

statute of limitations.

### A.      Malicious Prosecution

A malicious prosecution claim accrues when the criminal proceedings terminate in the

plaintiff's favor.  *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1096 (2007); *Heck v. Humphrey*,

512 U.S. 477, 484, 489-490 (1994)("One element that must be alleged and proved in a malicious

prosecution action is termination of the prior criminal proceeding in favor of the accused.").  In

addition, the *Heck* doctrine prohibits consideration of a claim that would necessarily imply the

invalidity of the conviction or sentence if a judgment was rendered in favor of the plaintiff on the

claim.   A favorable result on the instant malicious prosecution claim would imply the invalidity of

Weron's federal criminal conviction. In addition, Weron has not demonstrated that the criminal

proceedings terminated in his favor as he is presently serving his federal prison sentence which was

the result of the August 28, 2004 arrest.

---

[4]      If the complaint was not time-barred, the claim under § 1981 would be dismissed
because plaintiff has not alleged a viable equal protection claim under 42 U.S.C. § 1981.

Accordingly, by reason of the *Heck* doctrine, the claim for malicious prosecution will be **DISMISSED WITHOUT PREJUDICE** because it is not ripe for review and Weron is precluded from pursuing this claim at this time.

B.      *Conspiracy Claim*

Weron alleges, without supplying any factual support or identifying the specific persons involved, that the "defendants **conspired** with United States, federal government to cover up the unlawful acts that the State of Tennessee was unable to prosecute and are not on filed record." (Court File No. 1, p. 8).   The Sixth Circuit set forth the standard for proving a § 1983 conspiracy claim in *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985):

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Id.* at 943-44.

Although circumstantial evidence may provide adequate proof of a conspiracy, *Weberg v. Franks*, 229 F.3d 514, 528 (6th Cir. 2000), "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Weron's complaint does not meet the requisite degree of specificity needed to sustain a § 1983 conspiracy claim.  As explained herein, there is no proof demonstrating any of the parties violated Weron's constitutional rights.  Moreover, Weron has submitted no evidence, circumstantial or otherwise, suggesting Defendants, motivated by a class-based animus, had a single plan and acted

8

in concert to deprive Weron of the equal protection of the laws when they arrested and prosecuted him. Nevertheless, even if Weron had properly alleged a conspiracy claim, it would be dismissed as time-barred. Weron's vague and factually unsupported conspiracy claim is nothing more than a bare allegation that will be **DISMISSED** because it is factually unsupported and fails to state a claim for which relief may be granted and alternatively, because it is time-barred.

C. *Timeliness*

All of Weron's claims stem from his arrest in Bradley County, Tennessee on August 28, 2004. For purposes of 42 U.S.C. § § 1981 and 1983, the state statutes of limitation and tolling principles shall apply to determine the timeliness of the claims asserted. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985).

Under Tennessee law, the statute of limitations for a civil action for compensatory or punitive damages brought under the federal civil rights statutes is one year after the cause of action has accrued. The one-year statute of limitations period contained in Tenn. Code Ann. § 28-3-104(a) applies to civil rights claims arising in Tennessee. *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Weron's claims under 42 U.S.C. §§ 1981 and 1983, constitute civil actions brought under federal civil right statutes and are therefore subject to the one-year statute of limitations. *See Jackson v. Richards Medical Co.*, 961 F.2d 575, 578 (6th Cir. 1992) (Under Tennessee law, civil actions brought under § 1981 of the federal civil rights statute have to be commenced within one year after the cause of action accrued). However, "the accrual of [those claims] is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1095 (2007); *also see Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir. 1996), *cert. denied,* 520 U.S. 1267 (1997); *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d at 1107.

9

Generally, a tort cause of action accrues when there has been a violation of a legally protected interest, and such a violation usually occurs when a tortuous act is committed. *See Echols v. Chrysler Corp.,* 633 F.2d 722, 725-26 (6th Cir. 1980). This is known as the "time of event" rule and is applied whenever greater than *deminimus* harm is discernible at the time of the tortuous event. *Hicks v. Hines Inc.,* 826 F.2d 1543, 1544 (6th Cir. 1987).

A statute of limitation begins to run when the plaintiff knows or has reason to know of the injury that is the basis of his actions. *Collyer,* 98 F.3d at 220. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir. 1991).

Weron's false arrest and false incarceration claims are based on his allegation that Defendants arrested him without probable cause and without a warrant. Pursuant to the Supreme Court's instruction in *Wallace v. Kato*, 549 U.S. 384, ___, 127 S.Ct. 1091, 1096 (2007), Weron's alleged false arrest and false incarceration which began on August 28, 2004, ended and the statute of limitations began to run upon issuance of process when he was arrested on October 18, 2004.[5] As explained by the *Wallace v. Kato* Court "a false imprisonment ends once the victim becomes held *pursuant to* [legal] *process*-when, for example, he is bound over by a magistrate or arraigned on charges . . . [and] [i]f there is a false arrest claim, damages for that claim covers the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Id.* at 1096 (emphasis in original) (citations omitted).

---

[5]     The record before the Court is not clear, so the Court presumes Weron remained incarcerated pending the issuance of the federal indictment and warrant. If Weron was released prior to his arrest pursuant to the federal warrant, it appears that the statute of limitations would have begun to run on the date of his release.

Weron alleges he was illegally arrested and detained on August 28, 2004. The record reflects he was indicted by a federal grand jury on or about September 14, 2004, and an arrest warrant was issued on that same date. The record further reflects Weron was arrested on October 18, 2004, pursuant to the federal indictment and warrant (Criminal Court File No. 1:04-cr-131). Therefore, Weron's claims for unlawful arrest and incarceration are time-barred because the alleged illegal arrest and detention ended no later than October 18, 2004, when he was arrested and incarcerated based on the arrest warrant and indictment in his federal case. Consequently, the one year statute of limitations began to run on October 18, 2004. *Wallace v. Kato*, 549 U.S. at ___, 127 S.Ct. at 1100 (2007) ("the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.").

As the Court has discussed *supra* in this memorandum opinion, the statute of limitations does not begin to run on Weron's claim for malicious prosecution until the criminal charges have been dismissed since the § 1983 claim could bring his criminal conviction into question. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 399 (6th Cir. 1999). At this time, Weron's criminal charges have not been dismissed, thus, he is not entitled to any relief on his malicious prosecution claim.

Under the facts presented by Weron, he was subjected to this alleged unconstitutional treatment on August 28, 2004, when he was arrested and detained in the Bradley County Justice Center (Court File No. 4). Thus, he was aware of his injury, the alleged illegal arrest and detention, alleged excessive force, and the alleged denial of medical treatment, when it happened on August

11

28, 2004, or at least no later than October 18, 2004.[6]  Therefore, the statute of limitations expired

one year later.  The record indicates this action was filed on August 4, 2008, almost three years past

the statutory time limit for assertion of such claims.  Thus, the filing of the complaint occurred after

the applicable statute of limitations expired.  Accordingly, Weron's 42 U.S.C. § 1983 complaint is

untimely.

D.      *Equitable Tolling*

Weron asserts that the statute of limitations should be tolled because he has been imprisoned

at various state and federal institutions without proper information and material to file a complaint,

and  "with a lack of free access to the courts." (Court File No. 4, p. 2).  Relying on *Bell v. Cooper*,

881 F.2d 257 (6th Cir. 1989), which held that the action was subject to state tolling statutes during

the period that the inmate was in prison, Weron claims the statute of limitations should be tolled due

to his incarceration.  Weron's reliance is misplaced because in *Bell* the Court's ruling was based on

a specific Kentucky statute which excluded time of confinement in a penitentiary from being

counted when determining the limitations period for the commencement of an action. Kentucky law

is not applicable in Weron's case because all the alleged unconstitutional actions occurred in

Tennessee.  Thus, Tennessee law is applicable and Weron has not cited, nor is the Court aware of,

a similar Tennessee statute which excludes the time of confinement in a penitentiary from being

counted when determining the limitation period for the commencement of a § 1983 complaint.


Equitable tolling is only applicable in certain limited circumstances after a court has properly

---

[6]      For purposes of the denial of medical treatment claim, the claim did not accrue
until approximately September 7, 2004, when the Bradley County Justice Center personnel failed
to have Weron's sutures removed as instructed by Bradley Memorial Emergency Center (Court
File No. 1, Attachments).

considered and balanced the factors set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). *Id*. at

1006, 1009.  In *Andrews v. Orr*, the Sixth Circuit specifically identified five factors to consider when

determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack

of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing

requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and

(5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

When considering these factors, prejudice may only be considered if other factors of the test are met

and therefore can only weigh in the government's favor.  *See Andrews*, 851 F.2d at 151.

Equitable tolling is not appropriate in this case. "Typically, equitable tolling applies only

when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances

beyond the litigant's control."  *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209

F.3d 552, 560-61 (6th Cir. 2000) (citations omitted).  "Absent compelling equitable considerations,

a court should not extend limitations by even a single day."  *Id*., at 561.  Moreover, courts have held

that neither "excusable neglect" nor ignorance of the law are sufficient to invoke equitable tolling.

*See, e.g., Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999); *See Rose v. Dole*, 945 F.2d 1331,

1335 (6th Cir. 1991)("It is well-settled that ignorance of the law alone is not sufficient to warrant

equitable tolling"); *Harris v. Hutchinson*, 209 F.3d 325, 329-330 (4th Cir. 2000) (equitable tolling

should apply only where petitioner is prevented from asserting his claim by wrongful conduct of the

respondent or where extraordinary circumstances beyond the petitioner's control make it impossible

to file the claim on time); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004)("[E]ven in the

case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling . . .

misconception about the operation of the statute of limitations is neither extraordinary nor a

circumstance external to [prisoner's] control"]; *Cobas v. Burgess*, 306 F.3d 441, 444 (6thCir. 2002)

(limitations period not tolled even though petitioner did not understand, read, or write English where he had received assistance in other *pro* se pleadings and thus his language difficulties had not prevented him from filing a petition in a timely manner), *cert. denied*, 538 U.S. 984 (2003); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (a prisoner's own ignorance or mistake does not warrant equitable tolling); *Delaney v. Matesanz*, 264 F.3d 7, 16 (1st Cir. 2001) (equitable tolling normally appropriate only when circumstances beyond litigant's control have prevented him from filing timely); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (the fact of incarceration, including an inadequate law library insufficient to warrant equitable tolling).

Although Weron claims he is entitled to equitable tolling, he has failed to meet the equitable tolling test set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). Specifically, Weron does not claim nor demonstrate he lacked actual or constructive notice of the filing requirements, that he diligently pursued this case, tolling would not prejudice the defendant, and that it was reasonable for him to be ignorant of the statute of limitations requirement for filing a civil rights complaint. Weron's factually unsupported claim that he has been without proper information and material to file a claim and lacked free access to the courts is factually insufficient to warrant equitable tolling. Accordingly, Weron is not entitled to equitable tolling.

Accordingly, Weron's complaint against the defendants will be **DISMISSED** *sua sponte* in its entirety. The claims for illegal arrest and detention; excessive use of force; and denial of medical treatment are **DISMISSED WITH PREJUDICE** as frivolous under 42 U.S.C. § 1983 because they are time-barred. *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (Claims barred by the statute of limitations are frivolous); 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(i)(ii). The claim for conspiracy will be **DISMISSED WITH PREJUDICE** for failure to state a claim upon

14

which relief can be granted or alternatively, as time-barred.  The claim for malicious prosecution

will be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can

be granted because it is barred, at this time, by the *Heck* doctrine.  Weron is not the prevailing party;

thus, he  is not entitled to attorney's fees under 42 U.S.C. § 1988.

An appropriate judgment will enter.


*/s/ R. Allan Edgar*
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE